NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-4665

UNITED STATES OF AMERICA

v.

GEORGE BILUNKA,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 04-cr-00017-2E)
District Court: Hon. Maurice B Cohill, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2006

Before: SLOVITER, McKEE, and RENDELL, <u>Circuit Judges</u>

(Filed: July 19, 2006)

McKEE, <u>Circuit Judge.</u>

George Bilunka appeals from the judgment of sentence that was imposed

following the guilty plea he entered pursuant to an agreement with the government. He

argues that his agreement should not be enforced because he was denied effective counsel

in violation of the Sixth Amendment, and his guilty plea was therefore not a knowing,

voluntary and intelligent waiver of his appellate rights, or the rights guaranteed under the Constitution. For the following reasons, we will affirm the judgment of sentence.

## I.

Inasmuch as we write primarily for the parties, we need not recite the factual or procedural background of this case. We need only note that Bilunka entered a plea agreement in which he acknowledged violating 26 U.S.C. §5861 (d).[1] App. at 25. Pursuant to that agreement, Bilunka admitted that the offense involved at least one destructive device as defined under 26 U.S.C. §5845 (a), and waived certain appellate rights he would otherwise have had to challenge his sentence.[2]  App. at 25-29.

At sentencing Bilunka presented evidence that supported his contention that he was not aware of the presence of the destructive devices in his home.  However, the district court found that the incident involved at least one destructive device, and applied a two point enhancement pursuant to U.S.S.G. §2K2.1(b)(3).  The court thereafter sentenced Bilunka to 33 months in prison followed by a term of supervised release. App. at 143.

---

[1] Although in the plea agreement Bilunka admitted that the crime involved at least one destructive device, he reserved the right to argue against the application of the two level enhancement pursuant to §2K2.1(b)(3).  App. at 28.

[2] Bilunka waived his right to appeal his conviction and sentence unless (1) the United States appealed from the sentence; (2) the ultimate sentence exceeded the applicable statutory limits or if the district court erroneously departed upward from the guideline range; and (3) if limited to the issue of whether the district court erroneously applied the two level increase in the offense guideline under §2K2.1(b)(3) about which the parties reserved the right to advocate their positions.  App. at 26-27.

Bilunka now appeals that sentence arguing that he never intended to take responsibility for any of the destructive devices although he stipulated to them being found in his home.  Rather, he claims that he wanted to argue against the two point enhancement, but refrained from doing so based upon assurances of defense counsel.

## II.

Prior to the accepting a guilty plea, the district court must conduct an appropriately thorough inquiry to ensure that a defendant's plea is a knowing, voluntary and intelligent waiver of rights.  *See* Fed. R. Crim. P. 11 (b); *United States v. Wilson*, 429 F.3d 455, 459 (3d Cir. 2005).   Here, the record confirms that the district court thoroughly engaged in an active colloquy and determined that Bilunka understood the crime he was pleading guilty to, the possible consequences, and that he was waiving his right to appeal absent certain very limited circumstances, none of which are present.    The court concluded that the waiver contained in the plea agreement and the guilty plea itself were entered into after consulting counsel and that they were voluntary and knowing waivers of his constitutional and appellate rights.

The district court was careful to ask Bilunka if he understood the various aspects of the charge against him and the plea he was about to enter.  Bilunka's responses confirm that he understood the rights he was agreeing to waive, and that he was satisfied with the representation and assistance provided by counsel. *See* App. at 34-54.  Moreover, although Bilunka continues to argue that he should not be held responsible for the "destructive device" that resulted in a two point enhancement under the Guidelines, the

court carefully informed him that the ultimate sentence and the applicability of any
enhancement was left to the final determination of the court and that the court was free to
reject defense counsel's argument and recommendation. The court explained: "I am not
going to say you wouldn't get a two-level increase, but that would be decided by me after
I hear from the lawyers and whatever evidence or legal arguments they want to present."
Ap. 52-53.

We have previously stated: "[w]aivers of appeals, if entered into knowingly and
voluntarily, are valid, unless they work a miscarriage of justice." *United States v.*
*Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). There is no rigid formula to determine
whether a "miscarriage of justice" has occurred. However, one of the factors that we
consider is "the extent to which the defendant acquiesced in the result" he is now
contesting. *Id.* at 563, *citing United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001).
Given the Rule 11 colloquy here, the offense Bilunka pled guilty to, and the sentence that
was imposed, we are satisfied that no miscarriage of justice has occurred.

Moreover, we have also explained that "[a] criminal defendant may not attack the
competence of counsel on a direct appeal, but should pursue the issue through 28 U.S.C.
§2255. . . [habeas] actions." *Government of the Virgin Islands v. Zepp*, 748 F.2d 125, 133
(3d Cir. 1984). Direct appeals simply do not allow for the developed record that is so
important to a proper resolution of a Sixth Amendment claim. *Id.* at 133. "Oft-times
such claims involve allegations and evidence that are either absent from, or not readily
apparent from, the record." *United States v. Gambino*, 788 F.2d 938, 950 (3d Cir. 1986).

Therefore, we will not now address Bilunka's claim that he entered into his plea agreement only because of ineffective assistance of counsel.

### III.

For the reasons set forth above, we will affirm the district court's judgment of sentence.